IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff/Respondent, | § § | CR. No. C-11-1030 |
| v. | § § | (C.A. No. C-12-81) |
| RENE GUTIERREZ-REYES, | § § § | |
| Defendant/Movant. | § § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255**

On March 13, 2012, the Clerk's office received a motion from Defendant Rene Gutierrez-Reyes titled Petition to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255. (D.E. 24.) Because it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the Court dismisses the motion without requiring a response from the government and denies Gutierrez-Reyes a Certificate of Appealability. *See* RULE 4(b) GOVERNING SECTION 2255 PROCEEDINGS.

**I. BACKGROUND**

On or about September 29, 2011, Gutierrez-Reyes was encountered in the Nueces County jail after he was arrested for failure to identify. (D.E. 1.) Records revealed that he is a citizen of El Salvador who was previously deported on September 11, 2009. (*Id.*) A federal complaint was filed on September 30, 2011. (*Id.*) Gutierrez-Reyes was appointed counsel the same day the federal complaint was filed. (D.E. 2.) On October 26, 2011, a grand jury returned an indictment charging Gutierrez-Reyes with the unlawful reentry of a removed alien in violation of Title 8, United States Code, Sections 1326(a) and 1326(b). (D.E. 7.) On November 29, 2011, Gutierrez-

Reyes entered a plea of guilty before United States Magistrate Judge Brian L. Owsley. (D.E. 14.) He was advised that he would be deported following service of his sentence and not allowed to reenter the United States. (*Id.* at ¶ 6.) Gutierrez-Reyes was sentenced to ten months imprisonment and a special assessment of $100. (D.E. 22.) Gutierrez-Reyes timely filed a Petition to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255. (D.E. 24.)

## II. ANALYSIS

Gutierrez-Reyes raises a single ground of ineffective assistance of counsel based upon his attorney's failure to assert the defense of derivative citizenship. (*Id.*) Gutierrez-Reyes claims that if counsel had advised him of the potential defense of derivative citizenship, he would not have pled guilty but would have insisted on going to trial. (*Id.*).

### A. 28 U.S.C. § 2255 Standard

Under 28 U.S.C. § 2255, there are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Relief from sentence "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel Standard

Ineffective assistance of counsel claims presented in a § 2255 motion are analyzed under the *Strickland* standard. *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his

counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show (1) that his counsel's performance was outside the broad range of what is considered reasonable assistance, and (2) that this deficient performance caused him prejudice. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### C. Claim of Derivative Citizenship

Gutierrez-Reyes claims his counsel was ineffective because he did not explain to him the defense of derivative citizenship. Gutierrez-Reyes was born in El Salvador to unmarried parents. His mother later became a naturalized citizen of the United States when Gutierrez-Reyes was under the age of 18. Gutierrez-Reyes relies on 8 U.S.C. § 1432(a)(3)–(5) (repealed in 2000), which permitted derivative citizenship for a child born out of wedlock whose mother naturalized while he was under the age of 18 years and whose paternity had not been established by legitimation.

Gutierrez-Reyes' came to the United States when he was twelve. He was a legal permanent resident alien until he lost that status after a felony conviction. (D.E. 18 at ¶ 33.) Gutierrez-Reyes asserted the defense of derivative citizenship to a 2006 order of removal before an immigration judge, who ordered the removal proceedings terminated on the grounds of the potential defense. (*Id.* at ¶ 30.) The Board of Immigration Appeals (BIA) vacated the order to terminate removal proceedings after finding that Gutierrez-Reyes did not meet the criteria.

*Carlos Rene Gutierrez-Reyes*, A44 805 447 (BIA, Oct. 16, 2007). The BIA held that the record established his paternity[3] and he was not eligible for a derivative citizenship defense. *Id.*

A Board of Immigration Appeals Order is final, "unless and until it is stayed, modified, rescinded, or overruled by the Board, the Attorney General, or a federal court." 8 C.F.R. § 1003.1(d)(7). Because the BIA Order was a final order that was not reversed, Gutierrez-Reyes' counsel could not have argued that he was entitled to derivative citizenship. That issue had already been decided in the immigration proceedings. Counsel was not ineffective for his failure to advise Gutierrez-Reyes of a frivolous defense. Furthermore, Gutierrez-Reyes' intimations that he was unaware of the potential defense are contradicted by the record. Accordingly, Gutierrez-Reyes failed to demonstrate ineffective assistance of counsel.

## III. CERTIFICATE OF APPEALABILITY (COA)

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gutierrez-Reyes has not yet filed a notice of appeal, RULE 11 GOVERNING § 2255 PROCEEDINGS instructs the Court to "issue or deny a [COA] when it enters a final order adverse to the applicant." A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

[3] Although Gutierrez-Reyes' parents never married, El Salvador eliminated the distinction between legitimate and illegitimate children. Moreover, Gutierrez-Reyes bears his father's name, his father's name is on his birth certificate, his father signed the birth certificate and provided the birth information to the registrar. *Carlos Rene Gutierrez-Reyes*, A44 805 447 at 2.

claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standard, the Court concludes that Gutierrez-Reyes is not entitled to a COA on his ineffective assistance of counsel claim. That is, reasonable jurists could not debate the Court's resolution of his claim, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## IV. CONCLUSION

For the foregoing reasons, Gutierrez-Reyes' Petition to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (D.E. 24) is **DISMISSED WITH PREJUDICE**. The Court also denies a COA.

**ORDERED** this 23rd day of April 2012.

NELVA GONZALES RAMOS
**UNITED STATES DISTRICT JUDGE**